United States District Court
Southern District of Texas

**ENTERED**
June 04, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **FEDOR ANDRUSENKO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-00232** |
| | § | |
| **MARKWAYNE MULLIN, ET AL.,** | § | |
| | § | |
| **Respondents.** | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner is currently detained in federal immigration custody in Texas. Before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief, (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 12).

The Court finds that Petitioner's deprivation of liberty without constitutionally adequate procedures is a violation of his due process rights, and the failure to provide due process warrants his release. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted in part. Respondents are ordered to release Petitioner **by June 5, 2026, at 5:00 p.m.** The parties are ordered to notify the Court of the status of Petitioner's release **by June 8, 2026, at 5:00 p.m.**

### I. BACKGROUND

#### A. Factual Background

Petitioner, a citizen of Russia, challenges his ongoing detention without a bond hearing. Petitioner entered the United States without inspection in April 2022. (*See* Dkt. No. 1-3 at 2).[1] Shortly after entering the United States, Petitioner was apprehended by immigration officials and subsequently paroled. (*Id.*; Dkt. No. 1 at 6). Petitioner

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

represents that he has no criminal history and has complied with each of his conditions of supervision. (*Id.* at 7; *see also* Dkt. No. 13 at 6). Since his parole into the United States, he has filed an asylum application and received work authorization. (Dkt. No. 1 at 7).

On January 16, 2026, Petitioner was re-detained while driving through Texas for work. (*Id.*). Petitioner is a father, and three months before his re-detention, his son passed away in a car accident. (*Id.* at 8). He represents that "[h]is renewed detention has caused him significant emotional distress, compounding the profound grief he continues to endure." (*Id.*). Petitioner has not received a bond hearing while he's been detained. (*See id.* at 3). On February 19, 2026, Petitioner was ordered removed. (Dkt. No. 17 at 1). However, he filed a timely appeal, which remains pending, so his removal order is not final. (*Id.*); 8 C.F.R. § 1241.1.

### B. Legal Background

The Department of Homeland Security (DHS) and Department of Justice (DOJ) released interim guidance in July 2025, announcing a new legal position on detention authorities for noncitizens. The guidance interpreted the mandatory detention provision of Section 235 of the Immigration and Nationality Act (INA), or 8 U.S.C. § 1225, as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether they arrive at a port of entry or enter without inspection. This position was adopted by the Board of Immigration Appeals (BIA) in September 2025. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

In the months following the shift in policy, federal district courts across the country found the Government's interpretation at odds with the text of the statute and ordered bond hearings, or release, for noncitizens subject to mandatory detention under the policy. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at \*4, n.22 (S.D.N.Y. Nov. 26, 2025) (collecting cases). In February 2026, the Fifth Circuit held that Section 1225(b)(2) applies to all applicants for admission, regardless of whether they are actively "seeking admission" when they are detained. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). However, *Buenrostro* did not address the validity of due process claims such as those raised by Petitioner in this case. *See, e.g.*, *Bonilla Chicas v. Warden*, No. 5:26-CV-131, 2026 WL 539475, at \*4–5 (S.D. Tex. Feb. 20, 2026); *see also* *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8,

2025), *overruled by Buenrostro-Mendez*, 166 F.4th 494 (explaining the Court's prior statutory interpretation of Section 1225).

## C. Procedural Background

Petitioner filed the instant petition for a writ of habeas corpus, maintaining that he is entitled to release from detention. In his petition, Petitioner raises several claims for relief: a procedural due process claim under *Mathews v. Eldridge*, 424 U.S. 319 (1976); violation of 8 U.S.C. Section 1226(a); violation of federal bond regulations; violation of the Administrative Procedure Act; and violation of the Due Process Clause of the Fifth Amendment. Petitioner requests, among other things, that this Court issue an order declaring his detention unlawful, immediately release him from custody or provide a bond hearing, and award reasonable attorney's fees.

## II. DISCUSSION

Respondents move for summary judgment, asserting that Petitioner is subject to mandatory detention pursuant to *Buenrostro* and that his detention does not violate due process. The Court principally addresses Petitioner's procedural due process claim and finds that his detention violates due process.[2] The Court incorporates the legal standards and analysis applied in its prior order granting a petition for a writ of habeas corpus under similar facts. *Lopez Moncebais v. Bondi*, No. 5:26-CV-268, slip op. (S.D. Tex. Mar. 27, 2026).

There, this Court found that *Buenrostro* does not foreclose due process challenges to mandatory detention, a noncitizen subject to mandatory detention may bring an as-applied due process challenge to 8 U.S.C. Section 1225(b)(2), Supreme Court precedent does not foreclose that type of challenge, and liberty interests in freedom from detention must be protected by due process of law, including individualized justification for civil detention. *See id.* The Court then applied the balancing test from *Mathews v. Eldridge* and found that the petitioner's procedural due process rights had been violated. *Id.* at 13 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The Court ordered immediate

---

[2] Because the Court grants Petitioner's requested relief without consideration of his other claims, the Court will decline to address the merits of those claims.

release for the due process violation. *Id.* at 17.[3]

The Court finds that the same reasoning applies to these facts, though Petitioner's length of presence in the United States is factually distinct from *Lopez Moncebais*. Petitioner has resided in the United States since 2022. The Court's reasoning in *Lopez Moncebais* relied on the petitioner's length of residence in the United States in evaluating his liberty interest. Here, the Court finds that Petitioner's residence in the United States since 2022 still creates a sufficient liberty interest to require that his detention is safeguarded with constitutionally adequate procedures, including an individualized determination of whether he should be detained.

Additionally, the Court has previously found that a prior release like Petitioner's strengthens the liberty interest of a noncitizen because their release created an expectation that they would be free from detention during the pendency of their removal proceedings. *Bonilla Barrios v. Noem*, No. 5:26-cv-172, slip op. at 4 (S.D. Tex. Apr. 2, 2026). As the Court explained there, liberty interests "may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In this case, Petitioner had an expectation, in addition to his residence since 2022, that he would be free from detention or at least entitled to seek bond while his removal proceedings were pending. He was released from detention in 2022 and spent over three years out of custody before he was re-detained. Respondents do not assert that Petitioner violated any conditions of his release. That expectation interest strengthens his liberty interest. The Court also notes that several cases analyzed for their persuasive authority in *Lopez Moncebais* similarly considered prior release as a factor strengthening the liberty interest of noncitizens detained under Section 1225(b)(2) without a bond hearing. *See Lopez Moncebais*, No. 5:26-CV-268, slip op. at 7 n.6 (collecting cases).

For these reasons and the reasons discussed in the Court's analysis in *Lopez Moncebais*, the Court finds that Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to relief, and the appropriate

---

[3] The Court also denied attorney's fees under the EAJA and incorporates that analysis here as well. Lopez Moncebais, No. 5:26-CV-268, slip op. at 17.

remedy is to order Petitioner's immediate release from custody.[4]

### III. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief, (Dkt. No. 1), is **GRANTED in part and DENIED in part**. Respondents' Motion for Summary Judgment, (Dkt. No. 12), is **DENIED**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody **by June 5, 2026, at 5:00 p.m.**, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release **by June 8, 2026, at 5:00 p.m.** Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than two hours** prior to Petitioner's release from custody. Respondents are ordered to return Petitioner's identity documents and personal effects upon his release.

All other relief requested by Petitioner, including his request for attorney's fees, is **DENIED**.

If Petitioner is re-detained, Petitioner must be afforded procedural due process as guaranteed by the Due Process Clause of the Fifth Amendment.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on June 4, 2026.

John A. Kazen
United States District Judge

---

[4] A district court has equitable discretion in determining the appropriate remedy "as law and justice require" for unlawful detention in a habeas petition. *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). The Court finds that the specific harm Petitioner suffered—unlawful deprivation of liberty without due process—is remedied by granting his immediate release, rather than ordering a bond hearing. As explained in *Lopez Moncebais*, "[t]he Court recognizes the weight of its decision to order Petitioner's release from custody." No. 5:26-CV-268, slip op. at 16. Though, the Court reaches this conclusion for several reasons. First, the Fifth Circuit has held that Section 1226(a), which provides for a bond hearing, does not apply to any applicants for admission. *Buenrostro-Mendez*, 166 F.4th 494. Additionally, a hearing after Petitioner's unjustified deprivation of liberty does not cure the deprivation. *See Bonilla Chicas*, No. 5:26 CV-131, 2026 WL 539475, at *12. Finally, the Court finds that an Immigration Judge would be unlikely to hold the bond hearing if ordered because the BIA's position is that there is no jurisdiction to hold bond hearings for all applicants for admission detained under Section 1225(b)(2). *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216; *see also Rojas v. Noem*, No. EP-25-CV-443, 2025 WL 3038262, at *4, n.2.